UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANDRE DSHON EVANS                                        PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:18CV87-RHW

HARRISON COUNTY ADULT DETENTION
CENTER et al                                              DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff Dandre Dshon Evans, proceeding *pro se* and *in forma papueris*, filed a 42

U.S.C. § 1983 prisoner civil rights complaint alleging that on February 26, 2018, a leaking toilet

in his jail cell caused him to slip and fall while he was housed at the Harrison County Adult

Detention Center (HCADC).  Plaintiff alleges the toilet leaked for about two weeks prior to the

fall.  As a result, he sustained an injury to his shoulder and back.  Maintenance workers at the jail

attempted unsuccessfully to repair the toilet.  The Court conducted a screening hearing.

Defendants then filed a motion for summary judgment based on Plaintiff's failure to exhaust

administrative remedies prior to initiating the instant lawsuit.  Doc. [26].  In their motion,

Defendants do not address the merits of Plaintiff's claims.  In turn, Plaintiff has filed a motion

for summary judgment.  Doc. [30].  The motions are ready for disposition.

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of

the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

## Failure to Exhaust

Defendants argue Plaintiff did not exhaust administrative remedies prior to filing his lawsuit. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

HCADC maintains a grievance procedure which is outlined in the Inmate Handbook. Doc. [26-2] [26-3]. The formal grievance process includes three steps or levels that must be completed. *Id.* At his initial assessment, Plaintiff was provided a copy of the Inmate Handbook and advised how to report a grievance. Doc. [26-4] [26-5]. At the screening hearing, Plaintiff indicated he has been incarcerated at HCADC on three prior occasions. Doc. [24] at 20. At the time of his booking on January 30, 2018, he signed a Classification Record/Assessment checklist indicating he had been informed where to find the Inmate Handbook and how to report grievances. Doc. [24] at 26; Doc. [26-5]. On March 2, 2018, Plaintiff filed a grievance

complaining about the "flooded cell" that caused him to fall and hurt himself. Doc. [26-1]. Plaintiff's inmate records reflect that he did not complete Level II or Level III grievances. Doc. [26-2]. In his pleadings, Plaintiff admits he did not complete Level II or Level III of the grievance process. *See* Doc. [29] at 2-3; Doc. [30] at 2. Accordingly, Defendants have demonstrated Plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit.

Plaintiff argues he should be excused from completing the grievance process because he was unaware of the need to file a second or third step. He also alleges he was intoxicated and under the influence of drugs at the time he signed his classification checklist. Plaintiff further argues he did not receive a response to his first-step grievance; therefore, his only available step was to file a § 1983 lawsuit. Plaintiff filed the instant lawsuit on March 23, 2018, with a signature date of March 11, 2018. In other words, he signed the complaint nine days after submitting his grievance and filed the complaint a mere three weeks after submitting the grievance. Plaintiff was on actual notice of the jail's grievance process as contained in the Inmate Handbook. He initiated the process but failed to complete it and instead moved abruptly to federal court for relief. The Court finds his lawsuit should be dismissed based on Plaintiff's failure to complete the prison's administrative grievance process.

**Failure to State a Constitutional Claim**

Even if Plaintiff had completed the grievance process, the Court finds he fails to state a claim of federal constitutional magnitude. Although Defendants did not address the underlying merits of Plaintiff's complaint, Plaintiff is proceeding *in forma pauperis* under the provisions of 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." Furthermore, pursuant to §

4

1915A(b)(1), the Court after screening a prisoner's lawsuit against a governmental entity or officer, shall dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

By his own admission, jail personnel were not deliberately indifferent to the hazardous condition in his cell, i.e. the leaking toilet. He testified that on three or four occasions jail personnel attempted to fix the toilet prior to the slip-and-fall incident. Doc. [24] at 15-16. Apparently, the repair would correct the problem only temporarily and then the toilet would begin to leak again. *Id.* at 12-15; *see Kemp v. Hatcher*, 1996 WL 612834, at *3 (E.D.Penna. Oct. 25, 1996) (finding evidence of repairs demonstrated prison officials were not deliberately indifferent). Although he alleges Defendants' repair efforts were unsuccessful, such a claim lies in negligence and not deliberate indifference. *See Andrews v. Belt*, 274 Fed. Appx. 359, 360 (5th Cir.2008) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983"); *Hestle v. Bauman*, No. 2:16-cv-196, 2016 WL 5745334, at *3 (W.D.Mich. Oct. 4, 2016).

Ultimately, Plaintiff's slip-and-fall claim fails to state a constitutional claim. The Fifth Circuit, and other courts, have frequently rejected constitutional claims arising from slip and fall accidents. *See Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014). "[T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Id.* at 764. As a matter of law, "slip-and-fall claims almost never serve as the predicate for constitutional violations". *Id.* Slip and fall lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983". *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). As the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the

Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Based on the foregoing, the Court finds Plaintiff's complaint should be dismissed for failure to state a claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [26] Motion for Summary Judgment is GRANTED, and Plaintiff's [30] Motion for Summary Judgment is DENIED. Plaintiff's 42 U.S.C. § 1983 civil rights complaint is hereby dismissed with prejudice as to all claims and all Defendants for failure to state a constitutional claim. In the alternative, Plaintiff's complaint is dismissed based on his failure to exhaust administrative remedies.

SO ORDERED AND ADJUDGED, this the 28th day of February 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE